UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.                                              Case No. 8:18-cv-2778-T-60CPT

A.J. CARDINAL GROUP LLC d/b/a
EAGLE ONE SECURITY FORCE;
ANDRE JENNINGS, SR.; and
ALEJANDRO URIBE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before me on referral for consideration of the *Plaintiff's Motion for Default Final Judgment against Defendants A.J. Cardinal Group LLC and Andre Jennings, Sr.* (Doc. 28). For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be denied without prejudice.

I.

    Plaintiff Nautilus Insurance Company (Nautilus) initiated this action in November 2018 by filing a complaint against Defendants A.J. Cardinal Group LLC d/b/a Eagle One Security Force (Eagle One); Andre Jennings, Sr.; and Alejandro Uribe. (Doc. 1). In its complaint, Nautilus seeks a declaratory judgment that it has no duty to defend or indemnify Eagle One and Jennings against claims brought by

Uribe in an underlying state-court action filed in the Thirteenth Judicial Circuit for Hillsborough County, Florida.  *Id.*

Uribe answered Nautilus's complaint and asserted various affirmative defenses. (Doc. 15).  Eagle One and Jennings, however, did not respond to the complaint, and the Clerk of Court entered defaults against each of them in April 2019.  (Docs. 23, 24).

The following month, on May 14, 2019, Nautilus filed the instant motion for default judgment against both Eagle One and Jennings.  (Doc. 28).  No Defendant has responded to Nautilus's motion.

II.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once such a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court. Fed. R. Civ. P. 55(b).

A default judgment may thereafter be granted if "there is 'a sufficient basis in the pleadings for the judgment entered.'"  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The showing required in this context "is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim."  *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d

1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

Rule 54(b) provides, however, that in an action involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). Upon due consideration of the matter, I find that the circumstances in this case preclude the Court from making such an express determination.

The "preferred practice" in multi-defendant actions where only some defendants are in default is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants. *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (quotation and citations omitted). Courts that have adopted this approach have done so, at least in part, to avoid inconsistent judgments. *See, e.g., Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Northfield Ins. Co. v. Browning Timber & Saw Mill, LLC*, 2018 WL 3135970, at *2 (N.D. Ala. June 27, 2018)); *Zurich Am. Ins. Co. v. Ednic Trading Corp.*, 2014 WL 869216, at *1 (S.D. Fla. Mar. 5, 2014) (citations omitted). Of significance here, some courts have found this practice particularly prudent where "the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an

underlying dispute." *North Pointe*, 2012 WL 5378826, at *4 (citations omitted); *see also Zurich*, 2014 WL 869216, at *2.

Based on this line of authority, I recommend withholding the entry of default judgment against Eagle One and Jennings at this juncture. If the Court were to grant such relief, there is a possibility that an inconsistent judgment could later be entered against Uribe following an adjudication on the merits. The specter of such an inconsistent judgment is especially prominent here because the Defendants are similarly situated in this case and because Nautilus's request for a judicial declaration pertains to insurance contractual rights and obligations, which Uribe disputes. *North Pointe*, 2012 WL 5378826, at *4 (citations omitted).

III.

In light of the above, I recommend that the Plaintiff's *Motion for Default Final Judgment against Defendants A.J. Cardinal Group LLC and Andre Jennings, Sr.* (Doc. 28) be denied without prejudice.

Respectfully submitted this 1st day of August 2019.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

4

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record